USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In the matter of                                            :   Case No. 01-B-15472 (SMB)
                                                            :   Chapter 11
BEST PAYPHONES, INC.,                                       :
                                Debtor                      :
                                                            :
------------------------------------------------------------x
                                                            :
BEST PAYPHONES, INC.,                                       :
                                                            :
                                Debtor-Appellant,           :   Docket Nos. 07-CV-6170, 08-CV-
                                                            :                    2554 (PKC)
        -against-                                           :
                                                            :
                                                            :   MEMORANDUM OF LAW
                                                            :   MOTION FOR
                                                            :   RECONSIDERATION
MANHATTAN TELECOMMUNICATIONS                                :
CORPORATION,                                                :
                                                            :
                                Claimant-Appellee.          :
                                                            :
------------------------------------------------------------x

Submitted by:

George M. Gilmer, Esq. (GG-5479)
943 Fourth Avenue
Brooklyn, New York 11232
(718) 788-0100
Attorney for Best Payphones, Inc.

## BACKGROUND

Best Payphones, Inc. ("Best") filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of New York. Manhattan Telecommunications Corporation ("MetTel") filed a Proof of Claim in said proceeding that included a claim for lost profits related to a contract that had allegedly been assigned to it, that Best had allegedly breached. A trial was conducted to determine if MetTel was entitled to lost profits and if so, the extent of its damages. The Bankruptcy Court determined MetTel was entitled to lost profits and determined the amount of the damages. A Judgment was entered from which Best filed a Notice of Appeal ("Lost Profit Appeal")(Dkt. No. 07-cv-6170). Said Lost Profit Appeal was assigned to this Court. However, because there were unresolved defenses and setoff claims Best had asserted in its Objection to MetTel's Proof of Claim, this Court stayed the Lost Profit Appeal pending resolution of the defenses and setoffs and the entry of a Final Judgment (*see* ECF # 4).

On February 29, 2008, this Court in an endorsed memo directed the parties to show cause why the Lost Profit Appeal should not be dismissed without prejudice to re-filing upon a final judgment or final order (*see* ECF #5). However, the show cause order was not entered on the docket sheet until March 20, 2008, which was after the deadline to respond.

The circumstances related to the show cause order was relayed to the Court by MetTel's attorney in a letter dated March 20, 2008, coincidentally the same day that a Final Judgment was entered, which the Court was advised of as well in said letter.

On March 14, 2008, an appeal from an Order resolving a specific defense, (*i.e.*, the base rate used to calculate bills was too high) and a specific setoff (*i.e.*, MetTel did not credit interest

1

earned on a deposit) ("Defense/Setoff Appeal")(Dkt. No. 08-cv-2554) asserted in Best's Objection was referred to this Court. Apparently, this Court accepted the referral as it endorsed the MetTel letter with an order dismissing both the Lost Profit Appeal as well as the Defense/Setoff Appeal, without prejudice, on April 2, 2008 (*see* ECF # 8). However, there is no indication in the record that the Court was aware that Best had filed a Notice of Appeal from the Final Judgment on March 31, 2008.

## PRELIMINARY STATEMENT

The resolution of the claim related Lost Profit Appeal disposed of a discrete issue, as did the resolution of the defense and setoff related to the Defense/Setoff Appeal, notwithstanding there were remaining defenses and/or setoffs that were not resolved at the time of the filing of each Notice of Appeal. As such, under settled Second Circuit case law, this Court has jurisdiction to decide the appeal, since disposition of discrete issues are appealable.

## ARGUMENT

Both the Lost Profit Appeal and the Defense/Setoff Appeal relate to discrete issues disposed of by the Bankruptcy Court. Therefore, by dismissing the appeals as non-final appeals, this Court overlooked the controlling principle of law that the Judgement related to the Lost Profit Appeal and the Order related to the Defense/Setoff Appeal were appealable. "A more flexible concept of finality is applied in the bankruptcy context than in appeals of ordinary civil litigation, such that orders in bankruptcy cases may be appealed if they finally dispose of discrete disputes within the larger bankruptcy case." *In Re: The Penn Traffic Company, Debtor COR Route 5 Company, LLC, v. The Penn Traffic Company*, 466 F.3d 75, 78 (2d Cir. 2006).

## CONCLUSION

## BEST PAYPHONE INC.'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED AND THE DISMISSAL OF THE APPEALS SHOULD BE WITHDRAWN

Respectfully submitted,

Dated: Brooklyn, New York
April 1, 2008

GEORGE M. GILMER(GG-5479)
943 4TH AVE.
Brooklyn, New York 11232
(718) 788-0100

---

*[Handwritten order by Judge:]*

A final judgment was entered on or about March 20, 2008 by the bankruptcy court. Best Payphone's counsel has not explained why an appeal from a final judgment of the bankruptcy court would not permit it to appeal the so-called Lost Profit and Defense/Setoff order. The motion is denied without prejudice to a showing as to the foregoing.

SO ORDERED.

/s/ P. Kevin Castel, USDJ
4-25-08